JD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

AVERY MILLINGTON,

Defendant.

COMPLAINT

(T. 18, U.S.C., § 922(g)(1))

20-MJ-574

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS

JEFFREY VALENZANO, being duly sworn, deposes and states that he is a Detective with the New York City Police Department ("NYPD") and a Task Force Officer with the "FBI/NYPD Safe Streets Task Force," duly appointed according to law and acting as such.

Upon information and belief, on or about July 25, 2020, within the Eastern District of New York, the defendant AVERY MILLINGTON, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Charter Arms Undercover .38 special caliber pistol bearing serial number 194629.

(Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and grounds for his belief are as follows:[1]

I am a Task Force Officer with the Federal Bureau of Investigation ("FBI") and have been for approximately five years. I am currently assigned to the New York Metro Safe Streets Gang Task Force, where I investigate gangs, narcotics trafficking, firearms trafficking, robbery, kidnapping and other offenses. These investigations are conducted both overtly and covertly. I am also a Detective with the New York City Police Department ("NYPD") and have been so employed for approximately 19 years. Through my training, education and experience, I have become familiar with the manner in which narcotics distribution, robberies, firearms trafficking and other schemes are carried out, and the efforts of persons involved in such activity to avoid detection by law enforcement.

1. I am familiar with the facts and circumstances set forth below from my personal involvement in this investigation, my review of documents, records and reports, and from reports made to me by other law enforcement officers and personnel. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2. On or about July 25, 2020, at approximately 11:00 p.m., Officer-1 and Officer-2[2] of the NYPD were on patrol in a marked police car near the intersection of Bristol

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth each and every fact I have learned during the course of this investigation.

[2] Because multiple law enforcement personnel were involved in the incident, I refer to the officers as Officer-1 and Officer-2 for ease of reference. The identities of each of these individuals are known to the affiant, and I have interviewed Officer-1 about the events set

2

Street and Newport Street in Brooklyn, New York.[3] Officer-1 and Officer-2 were driving southbound on Bristol Street approaching Newport Street. At that time a broadcast was put over the police radio alerting Officer-1 and Officer-2 of a pursuit of a vehicle for a traffic infraction.

3. Officer-1 and Officer-2 observed a blue Hyundai Sonata sedan (the "Vehicle") driving east bound on Newport Avenue toward Bristol being pursued by a police vehicle. The Vehicle then turned into Bristol Street northbound (the wrong way into a one-way street) directly at Officer-1's police car.

4. As the vehicle came to a stop in front of the police car, Officer-1 and Officer-2 observed the defendant, AVERY MILLINGTON ("MILLINGTON"), seated in the driver's seat of the Vehicle. MILLINGTON immediately left the vehicle and fled on foot, pursued by Officer-1.

5. After a foot chase by Officer-1 and other officers, MILLINGTON was taken to the ground and subdued. Laying directly under MILLINGTON was a black bag. When searched, the black bag was found to contain a Charter Arms Undercover .38 special pistol, loaded with five rounds of .38 caliber ammunition. Also discovered in the bag were inmate Identification cards containing the defendant's photograph and the name AVERY MILLINGTON. The bag was also found to contain 62 white unidentified pills, 8 "Xanax

---

forth herein reviewed video footage of the incident set forth herein from Officer-1'2 body worn camera.

[3] Bristol Street is a one-way street that runs south. Newport is a two-way street that runs east-west.

bars" and other items. The defendant MILLINGTON also possessed approximately $618 in cash and other pills in his pants pockets.

6. Based on my training and experience, I know the location of the Charter Arms factory is in Connecticut, and I know that the Firearm was manufactured outside the State of New York.

7. I have also reviewed the defendant's criminal history records and have determined that, on or about May 21, 2014, in the Supreme Court of the State of New York, Kings County, the defendant was convicted of burglary in the second degree (dwelling), in violation of New York Penal Law § 140.25, a felony punishable by a term of imprisonment of more than one year.

WHEREFORE, your deponent respectfully requests that the defendant AVERY MILLINGTON be dealt with according to law.

_____
JEFEREY VALENZANO
Detective/Task Force Officer
FBI/NYPD Safe Streets Task Force

Sworn to before me this
27th day of July, 2020

_____
THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK